| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Georgette Miller, Esquire<br>Margolis Edelstein<br>100 Century Parkway, Suite 200<br>Mount Laurel, New Jersey 08054<br>(856) 323-11<br>bky@margolisedelstein.com |
| In Re: |

**Order Filed on September 7, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No.: _____

Hearing Date: _____

Chapter: _____

Judge: _____

**ORDER AUTHORIZING SALE OF
REAL PROPERTY**

| Recommended Local Form: | ☐ Followed | ☐ Modified |
|---|---|---|

The relief set forth on the following pages numbered two (2) and nine (9) is **ORDERED**.

**DATED: September 7, 2021**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as _____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒    In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | **Not Applicable, as Debtor did not employ or request to employ a realtor or closing attorney** |
| Services rendered: | **N/A** |

**OR**:  ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

2

5. The amount of $__**6,600.00**____ claimed as exempt may be paid to the Debtor.

6. The ☐ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee fourteen (14) days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

   **a.**   Debtors shall file an Amended Schedule C within ten (10) days of the date of this Order.

   **b.**   Debtor shall file an Amended Schedule I/J within fourteen (14) days of the Order removing mortgage and rental payments relating to the property.

   **c.**   Debtor claims proceeds in the amount of $6,600.00 exempt, pursuant to 11 U.S.C. 522(d)(5).

   **d.**   Any remaining proceeds are non-exempt and shall be forwarded to the Chapter 13 Trustee as an additional base to unsecured creditors who filed timely claims.

   **d.**   A copy of the HUD-1/ALTA Settlement form shall be submitted to the Trustee's office no later than ten (10) days of the following closing.

*rev.8/1/15*